GAUDET *v.* MAYOR AND BOARD OF ALDERMEN.

In Banc. May 8, 1950.

No. 37579 (46 So. (2d) 79)

**W. D. Coleman** and **Luther A. Whittington,** for appellant.

G. H. Brandon and Laub, Adams & Forman, for appellees.

Roberds, J.

Appellant filed this bill to have declared null and void and to enjoin the enforcement of a contract entered into by the City of Natchez and three investment bankers, under which contract, among other provisions, such bankers agreed to (1) make a detailed survey of the City's past, present and prospective fiscal situation; (2) submit plans for financing the expense of· enlargement

and extension of the water and sewerage system of the municipality; (3) pay the cost of printing and delivering bonds, and the fees of attorneys to pass upon their legality if issued after an election called for that purpose; (4) prepare a prospectus for guidance of bidders for such bonds, and (5) agreeing to bid for the bonds, if issued, at least 103¾ of par value and accrued interest, said bidders to submit an annual interest rate not to exceed 3½%. For such services and expenses said investment bankers are to be paid a fee of 3¾% of the amount of the bonds which may be issued, regardless of who may purchase them. In case no overall plan for issuing the bonds is agreed upon, or the bonds should not be issued, or, if so, their legality be not approved, and under some other contingencies, such bankers are not to receive anything for their services or any reimbursement of expenses. The bill charges that the services contracted to be rendered to the City are not needed, and that the price the City agrees to pay therefor and for the money obligations the bankers agree to incur and discharge is largely in excess of the real value of the services and of the true amounts necessary to discharge such obligations.

The Chancellor dismissed the bill on demurrer, complainant declined to amend and was granted this appeal.

Appellees contend here, and contended in the lower court, that (a) complainant cannot maintain her bill in the form presented, but if so, (b) the subject matter is one over which Mayor and Aldermen have full and complete power, and the court has no right, under the circumstances of the case, to interfere with their discretion.

We pass only upon the first question. This is a taxpayer's suit. Companant bases her right to sue solely on the ground she is a taxpayer of the City of Natchez and injury to her as such taxpayer. She does not sue for and on behalf of the other taxpayers of municipality, nor does she invite any of them to join her in the litigation. Her right is the same as, and no greater than, that

of thousands of other taxpayers of the municipality. If she can maintain the bill based solely upon her individual rights, then each of the other taxpayers of the city can do the same thing. That would mean endless litigation; an utter stalemate of official functions, and great expenditure of public funds in defending litigation. That would be an intolerable situation. American Oil Co. v. Interstate Wholesale Gro. Co., 138 Miss. 801, 104 So. 70; Mc-Kee v. Hogan, 145 Miss. 747, 110 So. 775; Mississippi Road Supply Co. v. Hester, 185 Miss. 839, 188 So. 281, 124 A. L. R. 574. The case of Town of Clarksdale v. Broaddus, 77 Miss. 667, 28 So. 954, is not to the contrary. The opinion does not pass upon that point.

Affirmed without prejudice.