EDWARDS, et al. *v.* ALEXANDER, et al.

Feb. 16, 1953

No. 38673        20 Adv. S. 2        62 So. 2d 882

*J. P. Edwards,* for appellants.

*Geo. B. Grubbs,* for appellees.

*J. P. Edwards*, in reply.

RoBERDS, P. J.

The chancellor sustained a general demurrer to the bill filed herein, and complainants appeal.

It is contended by appellees that this is a taxpayer's suit and it cannot be maintained because it is not filed on behalf of the other taxpayers of the municipality nor are they invited to join in the suit. The contention is well taken. The demurrer was correctly sustained on that ground. Gaudet v. Mayor and Board of Aldermen of Natchez, 209 Miss. 113, 46 So. 2d 79; Tucker v. Daniels, (Miss.), 50 So. 2d 896.

It is alleged in the bill that the mayor and aldermen of the municipality of Mendenhall, after their election and installation, accepted for a period of one year the same compensation which theretofore had been lawfully fixed and paid to their predecessors, and that then the defendant officials undertook, without an election and without legal power, to raise the salary of the mayor from $50.00 to $220.00 per month and that of the aldermen from $5.00 to $10.00 per month, and had unlawfully paid to themselves the increased compensation. The bill seeks to recover the amounts so illegally received by said officials and enjoin them from paying themselves the increased amounts in the future. Appellees say they had the power and authority to increase their own compensation in the manner and under the circumstances above set out. We do not now pass upon that question because of the uncertainties in the bill. For instance, it is not shown whether Mendenhall operates under the code chapter, commission form of government, or a special charter, nor is it stated when or how or by what authority the former salaries were fixed or who established them, or under what authority the present officials purported to act. The cause is affirmed and remanded on the first contention above

stated, and it may be that the facts underlying the second question can be more definitely shown, so that the trial court, and this Court, in case of appeal, may have greater assurance of the accuracy of conclusions on the second proposition.

Affirmed and remanded.

*Hall, Kyle, Holmes* and *Lotterhos, JJ.,* concur.